# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE SAFFI,<br><br>                Plaintiff,<br><br>    v.<br><br>SIDNEY KNIGHT, et al.,<br><br>                Defendants.<br><br>_____ / | CASE NO. 1:07-cv-00271-LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED, AND DEFENDANTS CARLOS, MIRANDA, DUNN AND CLARK BE DISMISSED FROM THIS ACTION<br><br>(Doc. 27)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE ANSWER<br><br>TEN DAY DEADLINE |

## I.     Introduction

Plaintiff Shane Saffi ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. §1983. On March 3, 2008, defendants Knight, Carlos, Williams, Garza. Miranda, Dunn and Clark ("defendants") filed a motion to dismiss defendants Carlos, Miranda, Dunn and Clark from this action under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim against them upon which relief may be granted. (Doc. 27). Plaintiff filed an opposition on March 31, 2008. (Doc. 28).

///
///
///

1

II. **Defendants' Motion to Dismiss for Failure to State a Claim**

A. **Legal Standard**

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). In considering a motion to dismiss for failure to state a claim, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th

Cir. 1981).

**B.     Discussion**

In his complaint, plaintiff alleges that on April 17, 2006, he was accused of smelling like alcohol and battery on an inmate. Plaintiff alleges that he was handcuffed and escorted to the medical clinic. Plaintiff alleges that he was asked to turn around so that the handcuffs could be removed in order for plaintiff to "strip out". Plaintiff alleges that when he asked to speak to the sergeant, he was subjected to an act of brutality. Plaintiff alleges that defendants Knight, Garza, and Williams grabbed plaintiff by the head and drove him face first into the ground while still handcuffed. Plaintiff states that he was then kicked in the face three times by defendant Knight, and that defendant Garza kneeled on plaintiff's head, pinning it to the ground. Plaintiff alleges that defendant Williams jumped with his full weight onto plaintiff's spine. Plaintiff states that he was then placed in full restraints and spit mask and taken to the program office holding cage, where he was placed upside down for approximately 6.5 hours. Plaintiff states that he was refused medical attention until the following day, when the Captain saw plaintiff's injuries and ordered the MTA to clean plaintiff up.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that person 'does an affirmative act,

3

participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

"Although there is no pure *respondeat superior* liability under § 1983, a supervisor [may be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" Hydrick v. Hunter, 500 F.3d 987, 988 (9th Cir. 2007) (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).

Defendants move for dismissal of defendants Carlos, Miranda, Dunn and Clark on the grounds that plaintiff's complaint is completely devoid of any allegations against these defendants. Defendants further contend that, even assuming that plaintiff's allegations against defendants Miranda and Clark are based on their supervisory positions, they are entitled to dismissal from this action because there is no *respondeat superior* liability under §1983.

In opposition, plaintiff states that all defendants are employees and agents of CDCR and therefore employees of a public entity. Plaintiff further contends that he has an Eighth Amendment right to be free of pain and suffering where the "conduct of defendants is outside the scope of job description and moreover against the laws of the State." Plaintiff argues that "a statement of facts will establish a time-line of events that should proceed to trial by jury".

In light of the fact that plaintiff has made no allegations against defendants Carlos, Miranda, Dunn and Clark and therefore fails to establish any actual connection or link between the actions of these defendants and the deprivation alleged to have been suffered by plaintiff, defendants are entitled to dismissal of defendants Carlos, Miranda, Dunn and Clark from this action.

///

///

### C. Conclusion

Based on the foregoing, the Court HEREBY RECOMMENDS that defendants' motion to dismiss, filed March 3, 2008 be GRANTED, and that defendants Carlos, Miranda, Dunn and Clark be dismissed from this action. Because plaintiff has not made any allegations against these defendants in his complaint or in his opposition, the Court cannot find any basis to suggest that plaintiff may be able to state any cognizable claim against them. Therefore, the Court recommends that plaintiff not be given leave to amend his claims against defendants Carlos, Miranda, Dunn and Clark.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

### III. Defendants' Motion for Extension of Time

Defendants further request an extension of time, until ten days after the Court rules on the instant motion to dismiss, for the remaining defendants to file an answer to the complaint. Good cause having been presented, defendants' motion for an extension of time is HEREBY GRANTED. The remaining defendants are HEREBY ORDERED to file an answer to the complaint within (ten) 10 days of service of this order.

IT IS SO ORDERED.

Dated:   September 5, 2008           /s/ Dennis L. Beck
                                    UNITED STATES MAGISTRATE JUDGE