IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| SHANE SAFFI, ) | |
| ) | 1:07-CV-00271-BLW-MHW (PC) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| SIDNEY KNIGHT, et al, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Pending before the Court in the above-entitled matter is Defendants' Motion for Summary Judgment (*Docket No. 39*) filed on August 3, 2009. The certificate of service on the motion indicates the motion was mailed to Plaintiff at his address of record. Pursuant to the Court's Second Informational Order, Motion to Dismiss Notice and Summary Judgment Notice (*Docket No. 19*), Plaintiff was advised of the need to file a response to motions pursuant to Local Rule 78-230(m). No response has been filed by the Plaintiff as of November 3, 2009.

Pursuant to *United States v. Real Property Located at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995) default summary judgment is not proper unless movant's paper are sufficient to support the motion or on their face the movant's papers reveal no genuine issue of material fact. *See also Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995) (summary judgment may not be granted simply because opposing party violated a

Report and Recommendation - Page 1

local rule, if movant did not meet burden of demonstrating absence of genuine issue for trial). Accordingly, the Court will evaluate the motion for summary judgment on the merits.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

## I.
## Factual Background.

Plaintiff Shane Allen Saffi ("Saffi") filed a 42 U. S. C. § 1983 action against Correctional Officers Sidney Knight ("Knight"), J. Garza ("Garza") and W. Williams ("Williams") (collectively referred to as the "Defendants"), who are the only remaining Defendants. Defendants Carols, Miranda, Dunn and Clark have been previously dismissed from this action. *See Docket No. 32*. Saffi alleges these three correctional officers used excessive force against him on April 17, 2006 and violated his Eighth Amendment right to be free from cruel and unusual punishment. Defendants deny they violated Saffi's constitutional rights and argue the Complaint should be dismissed based on *Heck v. Humphrey*, 512 U.S. 477 (1994) due to Plaintiff's failure to file a writ of habeas corpus to overturn the punishment Saffi received for the rules violation arising from the incident on April 17, 2006.

Report and Recommendation - Page 2

Saffi was incarcerated at California Substance Abuse Treatment Facility ("SATF") during the events of April 17, 2006. Defendants were correctional officers at SATF. On April 17, 2006, Correctional Officer Garza received information that Saffi might be under the influence of alcohol and that he had assaulted another inmate. Correctional Officers Garza and Williams approached Saffi in the yard at approximately 1330 hrs and advised him of the accusations against him. Saffi was handcuffed and taken to the Facility D medical center where he was placed in holding cell. Saffi did not struggle and was cooperative with the officers. Garza and Williams both believed Saffi was under the influence of alcohol based on his slurred speech, strong scent of alcohol and his unsteadiness when escorting him. Plaintiff alleges that once they got to the Medical Clinic, he was asked to turn around so the cuff could be removed. Plaintiff asked to speak to a sergeant at which time he asserts that C/Os Knight, Garza and Williams grabbed him by the head, while he was still handcuffed and threw him face first into the ground. He then states the C/O Knight kicked him three times in the face, C/O Garza kneeled on his head pinning it to the ground and that C/O Williams jumped onto his back and injured his spine. Plaintiff states that he was then placed in full restraints with a spit mask over his face and taken to the Program Office holding cell.

Plaintiff requests that the Defendants be prosecuted for excessive force while he was in restraints. Plaintiff seeks money damages under Section 1983 for subjecting him to Cruel and Unusual Punishment.

The Defendants present a different picture of what transpired between themselves and the Plaintiff based on their logs and reports. At approximately 1345, a radio call asked for available officers to report to the medical center. Correctional Officers Knight and Tony Carlos[1] ("Carlos") reported to the medical center. The officers were asked to transfer Saffi to the Program Office. Carlos handcuffed Saffi. As the officers were escorting Saffi from the medical area, Saffi tried to pull away, was swinging his elbows and was attempting to kick Knight and Carlos. Using their body weight, the two officers forced Saffi to the ground and the alarm was sounded for additional staff to respond. Saffi tried to spit on the officers and a spit mask was placed on Plaintiff. Other responding officers escorted Saffi to the Program Office. Knight had no further involvement with Saffi that day.

As referenced earlier, Saffi alleges in his Complaint and states in his deposition that when he refused to turn around in the medical cell, that he was grabbed by the head and his face forced to the ground. He testifies he was kicked in the face three times by Knight, Garza pinned his head to the ground while Williams jumped on his spine. Garza and Williams deny they were present when the altercation in the medical unit occurred. Knight states in his declaration that Officers Garza and Williams were not the responding officers to the medical area when the alarm was sounded. Knight also denies kicking Saffi in the face.

---

[1] Correctional Officer Tony Carlos was dismissed from this lawsuit on October 27, 2008, *Docket No. 32.*

Report and Recommendation - Page 4

Saffi alleges in his Complaint that he was hung upside down in the Program Office from 2:00 p.m. to 8:30 p.m.  In his deposition Saffi admits that none of the named Defendants (Knight, Williams or Garza) were the officers that escorted him to the Program Office or that hung Saffi upside down.  This fact is undisputed as Officers Garza, Williams and Knight all deny hanging Saffi upside down in the Program Office.

Saffi claims he was never written up for having consumed alcohol or for having assaulted another inmate.  Saffi claims in his Complaint he has 50 pages of reports and supporting documents showing falsified and contradicted reports.  None of these alleged falsified reports have been provided for the Court's review in response to the correctional officers' declarations.  Nor were any offender complaints submitted by Saffi regarding the alleged medical injuries he suffered or his allegation of being hung upside down in the Program Office.

After the incident with Saffi, Knight completed a Rules Violation Report ("RVR") documenting the force that he and Carlos used on Saffi in response to his resistive and assaultive behavior.  Due to the RVR, charges of attempted aggravated battery against the correction officers were brought against Saffi.  A hearing was held on May 9, 2006 by Senior Hearing Officer Baires.  Saffi waived his right to call any witnesses and would not make a statement, but did admit that he remembered spitting.  Saffi was found guilty of attempted aggravated battery, a Division B(2) offense, and he received a loss of good time credits.  Saffi was informed he was not eligible for restoration of his credits pursuant

Report and Recommendation - Page 5

to California Code of Regulations, Title 15 § § 3327 and 3328.  In order for an inmate to have his forfeited credits restored, he must file a petition for writ of habeas corpus to overturn the RVR and request a court order to restore the forfeited credits.  It is undisputed that Saffi has not filed a writ of habeas corpus to restore his credits.

Defendants lodged a copy of Plaintiff's deposition transcript in this matter, *Docket No. 40*.  The Court reviewed the deposition in order to determine additional facts that should be viewed in a light most favorable to Plaintiff.

## II.
## Standard of Review

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327.  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48

Report and Recommendation - Page 6

(1986). Material facts are those which may affect the outcome of the case. *See id*. at 248.

The evidence must be viewed in the light most favorable to the non-moving party, *id.* at 255, and the Court must not make credibility findings. *Id.* Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988). In addition, the Court must be "guided by the substantive evidentiary standards that apply to the case." *Liberty Lobby*, 477 U.S. at 255.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir. 2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Id.* at 256-57. The non-moving party must go beyond the pleadings and show by "affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex,* 477 U.S. at 324.

### III.
### Analysis

The threshold question is whether this civil rights action is barred by *Heck v.*

*Humphrey*, 512 U.S. 477, 486-87 (1994), or, in other words, whether a favorable verdict here would necessarily imply the invalidity of Plaintiff's conviction for the rules violation. In *Heck v. Humphrey*, the Supreme Court held that, where a favorable verdict in a civil rights action would necessarily imply the invalidity of a plaintiff's conviction, he must first prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* As a result, "a claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id*.

On the other hand, if "the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* at 487 (footnote omitted).

The Ninth Circuit has explained that *Heck* will apply to bar a claim if "a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'" *Cunningham v. Gates*, 312 F.3d 1148, 1153-54 (9th Cir. 2002) (citing *Heck*, 512 U.S. at 487 n.6). However, in circumstances in which the conviction and the § 1983 claim do not arise from the same acts, *Heck* does not apply. *Cunningham*, 312 F.3d at 1155.

In the present case, Defendants argue that *Heck* applies because Plaintiff was cited

for a rules violation related to the April 17, 2006 incident, was found guilty of attempted aggravated battery against correction officers pursuant to that RVR, he forfeited credits due to the violation and failed to file a writ of habeas corpus to have the forfeited credits restored. Because the alleged excessive force claim arises out of the same facts as the RVR for attempted aggravated battery against the corrections officers and is fundamentally inconsistent with the unlawful behavior for which § 1983 relief is sought, the § 1983 action should be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

      Plaintiff claims that excessive force was used on him by the Defendants and that he was basically passive and did nothing to resist their efforts. But just the opposite was alleged in the disciplinary offense proceedings at which Plaintiff was found guilty of aggravated battery. To now find that the officer engaged in unconstitutional and excessive force would be directly contrary to the finding that Plaintiff was guilty of assaulting the officers. The two are mutually exclusive and to now permit the Plaintiff to proceed with an action to recover money damages from the Defendants would require that this Court in some fashion find that the original decision at the disciplinary hearing was legally incorrect. Of course this Court can not do this, and Plaintiff's remedy was to proceed by writ of habeas corpus to have the finding of guilty, or his "judgment" set aside. *See, Butterfield v. Bail,* 120 F.3d 1023, 1024 (9th Cir. 1997) ("If the court concludes that the challenge would necessarily imply the invalidity of the judgment or

continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983.")

The Court cannot address the Plaintiff's claim that he was hung upside down in the Programs Office as Plaintiff testified in his deposition that the named Defendants were not involved in hanging him upside down.  Plaintiff has not provided the identification of the correctional officers involved.  While this allegation is very troubling to the Court, the claim should be dismissed without prejudice based on Plaintiff's failure to be able to identify state actors who allegedly violated his civil rights.

## IV.
## Recommendation

Based on the foregoing and being fully advised in the premises, the Court recommends that the Defendants' Motion for Summary Judgment (*Docket No. 39*) be GRANTED and that the Complaint be DISMISSED WITHOUT PREJUDICE.

Written objections to this Report and Recommendation must be filed within thirty (30) days pursuant to 28 U.S.C. § 636(b)(1).  The document should be captioned "Objections to Magistrate Judge's Report and Recommendation."  The parties are advised that as result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.



DATED: December 11, 2009

*Signature*

Honorable Mikel H. Williams
United States Magistrate Judge